# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2014

Lyle W. Cayce
Clerk

No. 13-31172

LAURA HARRISS WINFORD, as Personal Representative on behalf of Laura McEldowney Bishop Estate,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:12-CV-322

Before STEWART, Chief Judge, and JONES and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Laura Harriss Winford (Winford), as personal representative for the estate of Laura McEldowney Bishop (the estate), filed suit against Defendant-Appellee United States, alleging entitlement to a refund of $136,268.00 remitted to the Internal Revenue Service (IRS) before

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31172

the assessment of estate tax liability.  Winford filed a motion for summary judgment and the United States filed a cross-motion for summary judgment. The district court granted the United States' motion, concluding that the remittance was a payment and thus the refund was barred by the applicable statute of limitations.  We affirm.

I.

Bishop, the decedent, died on October 29, 2002 in Louisiana.  She left a will dated November 22, 1994 in which she named her granddaughter, Winford, and two others as co-executors of the estate.  The will also named a revocable trust as the residuary legatee.  On October 30, 2002, the will was admitted to probate in the 14th Judicial District Court in Calcasieu Parish, Louisiana.

Pursuant to the Internal Revenue Code, the estate was required to file a Form 706 tax return within nine months of the decedent's death.  *See* 26 U.S.C. § 6075(a). Winford claims that the co-executors were unable to satisfy this requirement because the estate was mired in litigation spanning three states.[1] As a result, Winford asserted that while the estate could accurately determine its assets, it could not definitively determine its liabilities.  Therefore, Winford, advised by counsel, opted to file a Form 4768 Application for Extension of Time to File a Return and attached a check for $230,884.00.  In addition, Winford attached a partially completed Form 706 on which Winford provided an "estimated tax" based on the assets and liabilities known at the time of submission.  Neither the form nor the check specified whether the remittance was a "payment" or a "deposit," but Winford did characterize the remittance as "[a]n estimated payment" in the Explanation of Extension Request submitted

---

[1] After the decedent's will was admitted to probate in Louisiana, the decedent's son instituted actions in Mississippi, Louisiana, and Connecticut asserting various challenges to the will's validity.

2

No. 13-31172

with Form 4768. The IRS posted the remittance as a payment on July 29, 2003.

In 2008, the estate's litigation was resolved, and Winford filed a tax return in July 2009. The litigation expenses totaled $285,000.00. After deducting the litigation costs, the return listed the estate's liability at $94,598.00. Subtracting the liability from the original remittance amount, the estate claimed entitlement to a tax credit of $136,268.00. The IRS disallowed the claim, finding that it was submitted outside of the statutory three-year time limitation. Winford filed an internal appeal, which the IRS denied.

## II.

Winford then filed suit against the United States in district court, claiming that the estate was entitled to a tax refund of $136,268.00. Winford did not dispute that if the remittance was a payment, the estate's claim for a refund was time-barred by the statutory limitations period prescribed in 26 U.S.C. § 6511(b)(2)(A).[2] Instead, she claimed that the remittance was a deposit not subject to the applicable statute of limitations.

Winford filed a motion for summary judgment, and the United States filed a cross-motion for summary judgment. The district court denied Winford's motion and granted the United States' cross-motion. As an initial matter, the district court refused to apply the *per se* rules urged by the parties,[3]

---

[2] 26 U.S.C. § 6511(b)(2)(A) provides that "the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return."

[3] Winford argued that Revenue Procedure 84-58 created a *per se* rule requiring that undesignated remittances be treated as deposits as a matter of law. The district court rejected this reading of the procedure, finding unpersuasive the sole case relied on by Winford to support her position. The United States urged the district court to follow the *per se* rule adopted by several circuit courts that a remittance submitted with a request for an extension of time in which to file a return is a payment as a matter of law. The district court refused to apply this rule, reasoning that the cases that adopted this *per se* rule involved individual

3

## No. 13-31172

opting instead to resolve the case under the "facts and circumstances" test developed by circuit courts following *Rosenman v. United States*, 323 U.S. 658 (1945).  Conducting the "facts and circumstances" analysis, the district court found that the remittance was a payment subject to the three-year time limitation.  Specifically, the district court found that the estate's good faith approximation of its tax liability, failure to contest tax liability, failure to indicate that the remittance was a deposit, and submission of its remittance with a request for an extension weighed in favor of concluding that the remittance was a payment.  Accordingly, the district court found that the estate's claim for a tax refund was precluded by the three-year limitation period and entered judgment in favor of the United States.  Winford brings the instant appeal, arguing that the district court erred in finding that the remittance was a payment and thus barred by the statutory limitations period.

### III.

"A district court's grant of summary judgment is reviewed de novo, applying the same standard as the district court." *Duffie v. United States*, 600 F.3d 362, 364 (5th Cir. 2010).  Whether a remittance is a payment or a deposit is a question of law that we review de novo. *Deaton v. Commissioner*, 440 F.3d 223, 226 (5th Cir. 2006).

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable law, and the district court's judgment and reasoning, we AFFIRM the summary judgment in favor of Defendant-Appellee and adopt its analysis in full.[4]

---

income tax and therefore, the rule was inapplicable in this estate tax case. *Winford v. United States*, 889 F. Supp. 2d 863, 867 (W.D. La. 2012).

[4] We decline, however, to address the application of the *per se* rules urged by the parties.